IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CHARLIE RENNIS McNAMEE, JR., PRO SE, §
TDCJ-CID No. 1126271, §
§
  Petitioner, §
§
v. §   2:12-CV-0004
§
ERIC K. SHINSEKI, §
 Secretary of Veterans' Affairs, §
§
  Respondent. §

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Petitioner CHARLIE RENNIS McNAMEE, JR., while a prisoner confined in the Texas

Department of Criminal Justice, Correctional Institutions Division, filed a document entitled

Motion of Mandamus and has been granted permission to proceed in forma pauperis pursuant to

Title 28, United States Code, section 1915.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). A *Spears* hearing need not be

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed petitioner's pleadings and has viewed the facts alleged by petitioner both in his complaint and in his response to the Court's Questionnaire to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Because petitioner is proceeding in forma pauperis, his claim for mandamus is subject to screening pursuant to Title 28, United States Code, sections 1915 and 1915A.

Petitioner's request for relief is so poorly phrased it isn't clear whether petitioner is attempting to get a decision from the VA Regional Office or the Board of Veterans' Appeals. In either circumstance, it appears any motion for mandamus would have to be brought before the Court of Appeals for Veterans Claims.

In *Helfgott v. United States*, 891 F.Supp. 327 (S.D.Miss. 1994), the petitioner requested a mandamus ordering the VA to make a decision on one claim for benefits and ordering the VA to make a favorable decision on another claim for benefits. The VA had stayed determination on the first claim until pending litigation resolved the validity of a regulation critical in the determination of that claim. The district court examined its mandamus jurisdiction and found it had none because petitioner had failed to identify any statute, regulation or precedent classifying issuance of a final benefits determination in an individual claim as a ministerial duty. Further, the court reasoned that even if it had mandamus jurisdiction, petitioner had not demonstrated "extraordinary circumstances" justifying mandamus relief because petitioner had not identified

---

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

any statute, regulation, or judicial precedent clearly limiting the time within which the VA must

issue a final decision on a claim.  It noted "the length of time determined to be appropriate for an

administrative adjudication is clearly a discretionary, not a ministerial, decision of the agency,

and mandamus cannot be used to regulate the exercise of discretion." The district court

concluded any review of further delay lies with the Court of Veterans Appeals. *Also see,*

*Hulsey v. West*, 215 F.3d 1342, 1999 WL 595139, no. 99-7058 (July 6, 2999 C.A. Fed.) (noting

that the Court of Appeals for Veterans Claims had dismissed the claimant's appeal and denied his

petition for writ of mandamus to direct the board to render a decision in his case); *Smalls v.*

*Shinseki*, 429 Fed.Appx. 990, 2011 WL 2684898, no. 2011-7089 (July 12, 2011 C.A. Fed)

(affirming the denial of a petition for writ of mandamus brought in the United States Court of

Appeals for Veterans Claims).

IT IS THEREFORE ORDERED:

Petitioner's Petition for Mandamus is DISMISSED WITHOUT PREJUDICE TO BE RE-

FILED IN THE UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the petitioner and to any attorney of record by

first class mail.

IT IS SO ORDERED.

ENTERED this _____ 3T _____ day of _____, 2012.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE